UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT THOUSAND,

                              Plaintiff,                  9:17-CV-1003
                                                                      (BKS/TWD)
     v.

G. KING; et al.,

                              Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

ROBERT THOUSAND
11-B-0026
Plaintiff, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

HON. BARBARA D. UNDERWOOD          JOHN F. MOORE, ESQ.
Acting New York State Attorney General      Ass't Attorney General
Attorney for Defendants
The Capitol
Albany, NY 12224

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

      This action was brought pro se by plaintiff Robert Thousand seeking redress for the violation of his constitutional rights during his confinement at Clinton Correctional Facility ("Clinton C.F."). *See* Dkt. No. 1 ("Compl."). Plaintiff's claims that Sgt. King, Lt. Miller, and Supt. Kirkpatrick retaliated against him in violation of his rights protected under the First Amendment survived initial review and are pending. *See* Dkt. No. 9 ("November Order") at

21.[1]

Defendants have answered the complaint. Dkt. No. 17. In accordance with the pretrial deadlines set in the Mandatory Pretrial Discovery and Scheduling Order, all discovery must be completed by July 7, 2018; dispositive motions, if any, must be filed no later than September 9, 2018. Dkt. No. 19 (Dancks, M.J.).

Presently before the Court is a renewed motion from plaintiff seeking preliminary injunctive relief. Dkt. No. 23.[2]

## II.   DISCUSSION

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is "even higher." *Cacchillo*

---

[1] Plaintiff's remaining claims were dismissed without prejudice for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). November Order at 21. Plaintiff's motion seeking preliminary injunctive relief was denied. *Id*. at 22.

[2] Plaintiff has also filed a motion to amend his complaint. Dkt. No. 22. That motion is pending before Magistrate Judge Thérèse Wily Dancks.

*v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Citigroup Global Mkts.*, 598 F.3d at 35 n.4 (internal quotation marks omitted).[3]

In his renewed motion, plaintiff requests that this Court "'encourage' DOCCS to expedite their already decided and approved transfer decision" authorizing plaintiff's transfer to Eastern C.F. Dkt. No. 23 at 4.[4] Liberally construed, plaintiff also renews his request for an order prohibiting retaliation by corrections staff at Clinton C.F. *Id*. at 2-3. Plaintiff states that he has "received a few [unspecified] threats from other [unnamed] security officials" who, he theorizes, "could be acting as an arm for the defendants." *Id*. at 2. Plaintiff further states that "[t]hese threats have not been very frequent," and that he chose not to file inmate grievances regarding the incidents. *Id*.

Defendants oppose plaintiff's motion and urge its denial on the ground that plaintiff has not established any of the required predicates for a preliminary injunction. Dkt. No. 24. Defendants contend that plaintiff's allegations of infrequent and unspecified threats that he has received from unidentified corrections staff who are not defendants in this action afford

---

[3] Under the Prison Litigation Reform Act, preliminary injunctive relief in any civil action with respect to prison conditions must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct that harm. *See* 18 U.S.C. § 3626(a)(2). In considering an application for prospective relief, the court is required to give substantial weight to any adverse impact such relief may have on public safety or on the operation of the criminal justice system. *See* 18 U.S.C. § 3626(a)(1)(A).

[4] Plaintiff states that he was approved for an area of preference transfer to Eastern Correctional Facility in July 2017. Dkt. No. 23 at 3-4. Plaintiff's previous motion requested issuance of an order "expediting" his then-pending "preference transfer out of Clinton C.F." *See* Dkt. No. 4-1 at 2-3.

no basis for injunctive relief.  *Id*.

The Court has reviewed plaintiff's motion thoroughly and with due regard for his status as a pro se litigant.  As plaintiff was advised in the November Order, "[i]n the prison context, a request for injunctive relief must always be viewed with a great caution so as not to immerse the federal judiciary in the management of state prisons."  *Fisher v. Goord*, 981 F. Supp. 140, 167-68 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)).  Here, even assuming that plaintiff's request that the Court "encourage" his transfer is not tantamount to a request that the Court dictate where plaintiff is housed, there is no basis in the record for the issuance of judicial relief regarding his confinement.  Plaintiff has not alleged facts which even suggest that his continued confinement at Clinton C.F. poses a significant threat to his health and safety.  References to a "few" unspecified "threats" made by unidentified correction staff on an infrequent basis, *see* Dkt. No. 23 at 2, do not suffice to demonstrate that plaintiff will likely suffer irreparable harm if the requested relief is not granted.  Plaintiff's conclusory assertion that as a result of "staff" having labeled him a "rat" he is at risk of physical harm "via assault, cuttings, stabbings, etc." does not warrant a different conclusion.  *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Plaintiff's motion for injunctive relief must also be denied because plaintiff does not attribute the misconduct complained of in the motion to defendants.  To the contrary, plaintiff expressly states that "I have not began [sic] to have any particular negative interactions with any of the defendants named to this action."  Dkt. No. 23 at 2.  "'To prevail on a motion for

preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker*, No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). Except in limited circumstances not relevant here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . is binding only upon the parties to the action . . ."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *Tolbert v. Koenigsmann*, No. 9:13-CV-1577 (LEK/DEP), 2015 WL 7871344, at *2 (N.D.N.Y. Dec. 4, 2015).

Based upon the foregoing, and for the reasons set forth in the November Order, the Court concludes that plaintiff's renewed motion affords no basis for the issuance of preliminary injunctive relief. As a result, his motion is denied.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's renewed motion seeking preliminary injunctive relief (Dkt. No. 23) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties; and it is further

**ORDERED** that the Clerk of the Court shall provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED.**

Dated: May 15, 2018
       Syracuse, NY

Brenda K. Sannes
U.S. District Judge